UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:08-cr-96(S1)-J-32HTS

EVGENY TALISOV

## PROPOSED JURY INSTRUCTIONS

The United States of America, by Robert E. O'Neill, United States Attorney for

the Middle District of Florida, requests that the following jury instructions be given during

the Court's charge at the end of the trial of the above-named indictment.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By:     s/ Ronald D. DeSantis
RONALD D. DESANTIS
Special Assistant United States Attorney
Bar No. 0015976
300 N. Hogan Street, Suite 700
Jacksonville, FL  32202
Telephone:   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
Facsimile:    904-301-6310
E-mail:       Ron.Desantis@usdoj.gov

**U.S. v. EVGENY TALISOV**                    **Case No. 3:08-cr-96(S1)-J-32HTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2008, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

Jim Burke, Esq.

I hereby certify that on July 22, 2008, a true and correct copy of the foregoing

document and the notice of electronic filing was sent by United States mail to the

following non-CM/ECF participant(s):

N/A

<u>s/ Ronald D. DeSantis</u>
RONALD D. DESANTIS
Assistant United States Attorney
Bar No. 0015976
300 N. Hogan Street, Suite 700
Jacksonville, FL  32202
Telephone:   904-301-6300
Facsimile:   904-301-6310
E-mail:       Ron.Desantis@usdoj.gov

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

**2.1**
**Duty To Follow Instructions**
**Presumption Of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## ANNOTATIONS AND COMMENTS

In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also Harvell v. Nagle, 58 F.3d 1541, 1542 (11th Cir. 1995), reh'g denied, 70 F.3d 1287 (11th Cir. 1995).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

**3**
**Definition Of Reasonable Doubt**


Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

## **ANNOTATIONS AND COMMENTS**

United States v. Daniels, 986 F.2d 451 (11th Cir. 1993),opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also United States v. Morris, 647 F.2d 568 (5th Cir. 1981); Victor v. Nebraska, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

**4.1**
**Consideration Of The Evidence**
**Direct And Circumstantial**
**Argument Of Counsel**

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

6

## ANNOTATIONS AND COMMENTS

United States v. Clark, 506 F.2d 416 (5th Cir. 1975), cert. denied, 421 U.S. 967, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; see also United States v. Barnette, 800 F.2d 1558, 1566 (11th Cir. 1986), reh'g denied, 807 F.2d 999 (11th Cir. 1986), cert. denied, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing United States v. Henderson, 693 F.2d 1028, 1030 (11th Cir. 1983)).

United States v. Granville, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing United States v. Phillips, 664 F.2d 971, 1031 (5th Cir. 1981)); see also United States v. Siegel, 587 F.2d 721, 727 (5th Cir. 1979).

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  4**

**5**
**Credibility Of Witnesses**


Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5**

**6.3**
**Impeachment**
**Inconsistent Statement**
**(Defendant Testifies With No Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

9

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

**9.2**
**In Or About - - Knowingly (Only)**
**(When Willfulness Or Specific Intent Is Not An Element)**

You will note that the indictment charges that the offense was committed "in or about" a certain month.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## **ANNOTATIONS AND COMMENTS**

United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced."  See also United States v. Reed, 887 F.2d 1398 (11th Cir. 1989), reh'g denied, 891 F.2d 907 (1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

11

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

**10.1**
**Caution - - Punishment**
**(Single Defendant - - Single Count)**


I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

## **ANNOTATIONS AND COMMENTS**

United States v. McDonald, 935 F.2d 1212, 1222 (11th Cir. 1991) approved this
instruction.

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  8</u>

**Middle District of Florida**
**Basic**
**Conjunctive Charge**


In these charges, the Court has reviewed the pertinent parts of federal and state statutes (or laws) which are alleged to have been violated.  Where a statute specifies several alternative ways in which an offense may be committed, the <u>indictment</u> may allege the several ways in the conjunctive, that is, by using the word "and;" therefore, if only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as the jury agrees unanimously as to at least one of the alternatives.

**ANNOTATIONS AND COMMENTS**

United States v. Griffin, 705 F.2d 434, 436 (11th Cir. 1983); United States v. Haymes, 610 F.2d 309, 310-11 (5th Cir. 1980); United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976), cert. denied, 430 U.S. 947 (1977).

This instruction was provided by AUSA Kunz.  This instruction is routinely given by judges in Jacksonville.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

**1.2**
**Accomplice - - Co-Defendant - - Plea Agreement**


The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## <u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Solomon</u>, 856 F.2d 1572, 1578-79 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) approved similar instruction.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

**7**
**Aiding And Abetting (Agency)**
**18 USC § 2**

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## ANNOTATIONS AND COMMENTS

18

United States v. Broadwell, 870 F.2d 594, 607 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85 (1989) approved this instruction.  See also United States v. Walker, 621 F.2d 163 (5th Cir. 1980), cert. denied, 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981).

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11**

**12**
**Character Evidence**


The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

**ANNOTATIONS AND COMMENTS**

Rule 404. [FRE] Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes

(a) Character evidence generally.  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(1) Character of accused.  Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;. . .

United States v. Broadwell, 870 F.2d 594, 609 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85 (1989), approved this instruction.

United States v. Darland, 626 F.2d 1235 (5th Cir. 1980) held that it can be plain error to refuse this instruction when the Defendant offers evidence of good character; and, further, the admission of such evidence may not be conditioned on the Defendant testifying as a witness.  Character evidence may be excluded, however, when the proffered witness has an inadequate basis for expressing an opinion as to the Defendant's character.  United States v. Gil, 204 F.3d 1347 (11th Cir. 2000).  A distinction must be drawn between evidence of a pertinent trait of the Defendant's character, offered under FRE 404(a)(1), and evidence of the character of a witness for truthfulness (including the Defendant as a witness) offered under FRE 608(a).  This instruction should be given when the evidence has been admitted under Rule 404.  Basic Instruction 6.7 should be given when evidence has been admitted under Rule 608.

In either case - - whether character evidence is admitted under Rule 404 or Rule 608 - - Rule 405(a) provides that such "proof may be made by testimony as to reputation or by testimony in the form of an opinion."

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12**

**2.1**
**Preliminary Instructions Before**
**Opening Statements (Short Form)**

Members of the Jury:

You have now been sworn as the jury to try this case.  By your verdict(s) you will decide the disputed issues of fact.  I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the rules of law that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case, you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard <u>all</u> of the evidence <u>and</u> have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among yourselves or with anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence; and, insofar as the lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have no conversation whatever with those persons while you are serving on the jury.

22

You must also avoid reading any newspaper articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news program on either television or radio because of the possibility that some mention might be made of the case during such a broadcast now that the trial is in progress.

The reason for these cautions, of course, lies in the fact that it will be your duty to decide this case only on the basis of the testimony and evidence presented during the trial without consideration of any other matters whatever.

From time to time during the trial I may be called upon to make rulings of law on motions or objections made by the lawyers.  You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I sustain an objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone.  On some occasions you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers.  I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we expect the case to last two days, but I will make every effort to expedite the trial whenever possible.

Now, we will begin by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case.  The statements that the lawyers make now, as well as the arguments they present at the end of the trial, are not to be considered by you <u>either</u> as evidence in the case (which comes only from the witnesses and exhibits) <u>or</u>  as your instruction on the law (which will come only from me).  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for the purpose of making an opening statement.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13

**3.1**
**Notetaking - Permitted**

Members of the Jury:

[I see that some of you, from time-to-time, have been taking notes during the proceedings up to this point.]

[or]

[I understand that someone on the Jury has asked the Clerk or the Marshal about the taking of notes by members of the Jury during the course of the trial.]

If you would like to take notes during the trial you may do so, and the Clerk will provide notebooks and pens or pencils for each of you.  On the other hand, of course, you are not required to take notes if you would prefer not to do so.  That will be left up to you individually.

If you do decide to take notes, however, be careful not to get so involved in note taking that you become distracted from the ongoing proceedings.  Don't try to summarize all of the testimony.  Instead, limit your notetaking to specific items of information that might be difficult to remember later such as dates, times, amounts or measurements, and identities or relationships.  But remember that you must decide upon the credibility or believability of each witness, and you must therefore observe the demeanor and appearance of each witness while testifying.  Notetaking must not distract you from that task.

25

Also, your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence; and, whether you take notes or not, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony was.

**ANNOTATIONS AND COMMENTS**

United States v. Rhodes, 631 F.2d 43, 45 (5th Cir. 1980) held that:  "Trial courts often allow jurors to take notes in simple as well as complex cases, and it is within their discretion to do so."  The court suggested a jury instruction in substantially this form. Id., at 46, n.3.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14

**5**
**Explanatory Instruction**
**Prior Statement Or Testimony Of A Witness**

Members of the Jury:

When a witness is questioned about an earlier statement he/she may have made [or earlier testimony he/she may have given] such questioning is permitted in order to aid you in evaluating the truth or accuracy of the witness' testimony here <u>at the trial</u>.

Earlier statements made by a witness [or earlier testimony given by a witness] are not ordinarily offered or received as evidence of the truth or accuracy of <u>those</u> statements, but are referred to for the purpose of giving you a comparison and aiding you in making your decision as to whether you believe or disbelieve the witness' testimony which you hear <u>at trial</u>.

Whether or not such prior statements of a witness are, in fact, consistent or inconsistent with his [or her] trial testimony is entirely for you to determine.

I will, of course, give you additional instructions at the end of the trial concerning a number of matters you may consider in determining the credibility or "believability" of the witnesses and the weight to be given to their testimony.

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15</u>

**Middle District of Florida**
**Trial**
**Charts and Summaries**


Certain exhibits in the form of charts, summaries, calculations and the like have

been received in evidence.  Such exhibits are received in evidence where voluminous

writings, documents and records are involved.  These exhibits are available for your

assistance and convenience in considering the evidence.

**ANNOTATIONS AND COMMENTS**

United States v. Gold, 743, F.2d 800, 816 (11th Cir. 1984); United States v. Atchley, 699 F.2d 1055 (11th Cir. 1983); United States v. Conover, Case Number 83-70-CR-J-8, Middle District of Florida (Senior Judge Krentzman).

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16**

### **Immigration Through Fraudulent Marriage**
### **8 U.S.C. § 1325(c)**

Defendant is charged with aiding and abetting another to enter into marriage for the purpose of evading the immigration laws.  For you to find [defendant] guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that the Defendant knowingly entered into a marriage, or aided, abetted, counseled, commanded, induced, or procured another to enter into a marriage; and

Second, that the Defendant did so for the purpose of evading a provision of the immigration laws of the United States.

The word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.  The validity of the marriage is immaterial.

To evade a provision of law means to escape complying with the law by means of trickery or deceit.

31

**<u>ANNOTATIONS AND COMMENTS</u>**

The validity of the marriage is immaterial.  <u>Lutwak v. United States</u>, 344 U.S. 604, 611 (1953).